UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYA BISHOP,

        Plaintiff,                                Case No. 21-12861

v.                                              Honorable Nancy G. Edmunds

GENESEE COUNTY,

        Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2] AND SUMMARILY DISMISSING CASE**

    Plaintiff Brya Bishop, a state prisoner incarcerated at the Genesee County Jail, brings this pro se civil case against Genesee County.  (ECF No. 1.)  Plaintiff has also filed an application to proceed without prepaying fees or costs.  (ECF No. 2.)  The Court has reviewed Plaintiff's application and GRANTS Plaintiff's request to proceed in forma pauperis.  For the reasons discussed below, however, the Court DISMISSES this case.

**I.    Application to Proceed In Forma Pauperis**

    Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs ("in forma pauperis" or "IFP") if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor."  An affidavit in support of an IFP application is sufficient if it states that one cannot, because of his poverty, afford to pay the costs of litigation and still provide himself and his family with the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948).  Here, Plaintiff is incarcerated and does not have any sources of income.  (ECF No. 2.)  Her inmate balance history report shows

a balance of $0.31. (ECF No. 1, PageID.14.) Based on this declaration, the Court grants Plaintiff's application to proceed IFP.

## II.     Legal Standard

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "is frivolous or malicious [or] fails to state a claim on which relief may be granted." *See* § 1915(e)(2)(B).

Also, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Even in the case of a plaintiff who has paid a filing fee, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).

## III.    Analysis

Plaintiff alleges her constitutional rights were violated when state prosecutors and state judges relied on "non-conforming documents" to prosecute and adjudicate a criminal case against her in state court. Plaintiff purports to bring claims directly under several amendments of the United States Constitution. She seeks monetary damages as well as

the dismissal of all charges. The Court construes this portion of the complaint as seeking to state claims under 42 U.S.C. § 1983.

Plaintiff's primary contention is that she is being unlawfully incarcerated. But a civil rights action is an appropriate remedy for a state prisoner challenging a condition of his or her imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of a continued confinement, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner cannot state a cognizable civil rights claim if a ruling in his or her favor would render a continuing confinement invalid, until and unless the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This is true regardless of the relief sought by the plaintiff. *Id.* at 487-89. Thus, to the extent Plaintiff challenges her continued confinement, this case is dismissed for lack of subject matter jurisdiction.[1] *See Murphy v. Martin*, 343 F. Supp. 2d 603, 609 (E.D. Mich. 2003).

And while Plaintiff only names Genesee County as the defendant in this case, she makes allegations about the state prosecutors and judges themselves. Any claims against those individuals, however, are barred by prosecutorial and judicial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (noting that a prosecutor acting as "an officer of the court" is absolutely immune from a suit seeking monetary damages);

---

[1] The sole remedy for a state prisoner challenging her imprisonment and seeking release is a writ of habeas corpus. *Preiser*, 411 U.S. at 500. While Plaintiff may choose to file a petition for habeas relief herself, the Court declines to construe her complaint as such. *See Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001) (finding the district court properly declined to construe a civil rights complaint as seeking habeas corpus relief because the plaintiff did not allege his claims were exhausted nor did he comply with the Rules Governing Section 2254 Cases in the United States District Courts).

*Mireles v. Waco*, 502 U.S. 9, 9-13 (1991) (noting that a judge performing judicial functions is absolutely immune from a suit seeking monetary damages even if acting erroneously, corruptly, or in excess of his or her authority).

Plaintiff also alleges violations of a number of criminal statutes and seeks the prosecution of the state prosecutors and judges who allegedly conspired against her. A private citizen, however, may not assert a right of action under a criminal statute. *See Jenkins v. Methodist Healthcare*, No. 15-6195, 2016 U.S. App. LEXIS 10598, at *5 (6th Cir. May 6, 2016) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002). It is the United States Attorney, not a private citizen, who is authorized to prosecute any offenses against the United States. *See Hamilton*, 29 F. App'x at 204. Thus, dismissal of these claims is appropriate under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### IV.     Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepaying fees or costs is GRANTED; Plaintiff's claims stemming from a challenge to her confinement are DISMISSED WITHOUT PREJUDICE; and Plaintiff's remaining claims, including those brought under federal criminal statutes, are DISMISSED WITH PREJUDICE.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

                         s/Nancy G. Edmunds
                         Nancy G. Edmunds
                         United States District Judge

Dated: January 7, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 7, 2022, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager